STATE, HENRY SCHMOELE, PROSECUTOR, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF GALLOWAY, IN THE COUNTY OF ATLANTIC.

1. Sales of land for taxes in the township of Galloway, in the county of Atlantic, made under a special statute, declared legal.

2. Advertisement to sell tract, or so much thereof as may be necessary to pay the tax, is sufficient.

On *certiorari*.   In matter of taxation.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the prosecutor, *S. H. Grey.*

For the defendants, *M. B. Taylor* and *James Wilson.*

The opinion of the court was delivered by

PARKER, J.   This *certiorari* brings before the court the buestion of the legality of sales of lands of the prosecutor for taxes.   The taxes were assessed in 1873, and the sales were made in June, 1874.

The sales were under the act of February 29th, 1868, relating to the township of Mullica, the provisions of which were, on the 1st day of February, 1872, extended to Galloway township.

VOL. XV.              K

The validity of the assessments was determined upon the hearing of a former *certiorari.* *State* v. *Galloway T'p,* 13 *Vroom* 415. As the certificate or declaration of sale was not then brought up, the court did not consider the validity of the advertisements and proceedings at the sale.

The question now to be decided is whether the proceedings subsequent to the assessment, but prior to the sale and at the sale, were legal.

The act under which the sales were made empowers the town committee to enforce the collection of delinquent taxes assessed on real estate, by exposing for sale the same, or so much thereof as may be sufficient to pay such taxes and costs thereon, at public vendue, to the person or persons who will take the least quantity of said land, to be laid out in one body, to commence at some designated corner of the same. It was also provided that the committee might authorize the treasurer of the township to bid for the lands in the name of the township, the lands so sold to him to be the property of the township. The act further provides that the chairman of the township committee shall, at the time and place advertised, proceed to sell the several tracts to the person or persons who will take the least quantity of the premises offered, and pay the amount of delinquent taxes on same, with costs. It is made the duty of the township committee to deliver to purchasers certificates of sale, describing the piece or pieces of land sold, together with the amount paid for same, which entitled the holders thereof to deeds for the premises purchased, if the owner or owners did not, within a year from the time of sale, redeem the same. For the purposes of the act, a majority of the committee constituted a quorum.

The evidence shows that, prior to the sales, the township committee ordered them to be made, and that three of the committee, being a quorum, were actually present at the sale. The advertisements of sale were in the words of the statute, viz. : " *Will sell the lands, tenements and hereditaments taxed to the foregoing named persons, or so much thereof as may be sufficient to pay said taxes and the interest and costs thereon.*"

Schmoele v. Galloway.

At the sale, each tract was put up and proclaimed in such manner that a bidder who offered to take the least quantity of land and pay taxes and costs, would be the purchaser, with the right of designating on the map at once the particular part he would take.

In some instances, part of a tract was bid off for the amount of tax due and costs. In other instances, the whole of the tract was struck off, the treasurer buying for the township.

The meaning of the act is clear. If a bidder would pay the amount of taxes due and costs, for part of the tract offered for sale, he could become the purchaser of such part as he should designate, and the residue of the tract would remain the property of him who owned it at the time of the assessment. But if no one would pay the taxes and costs for part of the premises, and a bidder would, after failure to bid for a part, offer to take the whole tract and pay taxes and costs, he became the purchaser thereof. Any other construction would prevent the sale of land in that township for delinquent taxes, in cases where no one would bid the sum due for part of a tract. The absurdity would result that if part of a tract would bring the amount due for taxes, the part might be sold, but if it was necessary to sell the whole tract to produce the sum required, a sale could not take place. The township would be unable to collect the taxes due, and still the title of the land would remain in the delinquent.

The statute was strictly followed. The several tracts on which taxes had not been paid were sold in the order in which they were returned. The notices of sale were legal and the sale conducted according to law.

The sales are affirmed, with costs.